**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50041 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00077-JVS-1 |
| v. | |
| DAVE PHUONG DINH VO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 7, 2018[**]
Pasadena, California

Before:  RAWLINSON and BEA, Circuit Judges, and SETTLE,[***] District Judge.

Defendant-Appellant Dave Vo appeals his conviction for bribery in a

program receiving federal funds under 18 U.S.C. § 666(a)(1)(B). We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

jurisdiction under 28 U.S.C. § 1291. We review evidentiary issues for abuse of discretion, *United States v. Catabran*, 836 F.2d 453, 456 (9th Cir. 1988), and violations of the Confrontation Clause *de novo*, *United States v. Jenkins*, 884 F.2d 433, 435 (9th Cir. 1989). We affirm.

1. While the district court violated Vo's rights under the Confrontation Clause when it admitted statements made by a confidential informant, that error was harmless.

Under *Crawford v. Washington*, the admission of testimonial hearsay without "unavailability and a prior opportunity for cross-examination" violates the Confrontation Clause, but the admission of "testimonial statements for purposes other than establishing the truth of the matter asserted" does not. 541 U.S. 36, 68, 59 n.9 (2004); *see United States v. Wahchumwah*, 710 F.3d 862, 871 (9th Cir. 2013) ("*Crawford* applies only to testimonial *hearsay*.") (emphasis in original). The government argues that the informant's statements were not provided for their truth, but rather "as context for defendant's admissions and to show their effect on the listener." The government also argues that an informant's side of a recorded conversation should be admitted categorically, without further inquiry.

"[I]nvoking the word 'context' does not permit an end-run around the hearsay rules such that the government may smuggle into evidence all [the informant's] statements," particularly when they "overwhelm the defendant's."

2

*United States v. Collins*, 575 F.3d 1069, 1073-74 (10th Cir. 2009). Here, several of the informant's incriminating statements went beyond the bounds of placing the conversation in context:

1) "It's like what you told me the other day if, you know, whatever it is, then you know, it's 15,000 on the side."

2) "Do you remember what you told me the other day? You said, 'Okay, pay 15,000 on the side.'"

3) "So then about the money, the 15,000 you talked about for the other side, I've got it all prepared already ok."

These statements were also testimonial, as they were made with the "primary purpose" to "establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006).

With that said, the admission of these statements was harmless. "The government bears the burden of proving that the error was harmless beyond a reasonable doubt." *United States v. Esparza*, 791 F.3d 1067, 1074 (9th Cir. 2015). As the government points out, Vo himself described the bribe as an "under the table deal," instructing the informant to "stay quiet" and "don't mention what's going on." More importantly, Vo was caught on tape receiving $15,000 in cash. The government has therefore met its burden here.[1]

---

[1] Alternately, the court's error was harmless because these statements could have been admitted as adoptive admissions under Federal Rule of Evidence 801(d)(2)(B), as the prosecution mentioned during closing argument. "When an accusatory statement is made in the defendant's presence and hearing, and he

3

2. Similarly, the exclusion of potential impeachment material was harmless. Vo argues the admission of testimonial hearsay should have opened the door to impeachment evidence under Federal Rule of Evidence 806. But no such evidence was proffered at trial. Thus, Vo cannot show that he was prejudiced by the district court's ruling.

3. The district court did not abuse its discretion in excluding text messages from the confidential informant. Vo sought to introduce the text messages under Federal Rule of Evidence 803(3), which provides an exception to the rule against hearsay for statements of "the declarant's then-existing state of mind." Fed. R. Evid. 803(3). But Vo sought to introduce the text messages to show *his* state of mind, not the state of mind of the declarant. Vo therefore lacks a legal basis for his claim.

4. Vo's counsel was not ineffective under *Strickland v. Washington,* 466 U.S. 668 (1984), in failing to subpoena the confidential informant at trial. "Speculation about what [a witness] could have said is not enough to establish" deficient performance under *Strickland. Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997). Vo offers only vague assertions as to why his attorney should have called the informant to testify, claiming that he could have discussed her

---

understands and has an opportunity to deny it, the statement and his failure to deny are admissible against him." *United States v. Moore*, 522 F.2d 1068, 1075 (9th Cir. 1975).

"disreputable background" and the "numerous pivotal conversations he had with [her]." Without more specific allegations, Vo cannot prevail.

5. The district court did not err in denying Vo's motion for judgment of acquittal, as the "thing of value" exchanged was above $5,000, as 18 U.S.C. § 666 demands. Precedent in this circuit interprets § 666(a) to require the "bribe [to] exceed $5,000," not the "business" or "transaction" exchanged. *United States v. Cabrera*, 328 F.3d 506, 509 (9th Cir. 2003); *see also United States v. Simas*, 937 F.2d 459, 461 (9th Cir. 1991). And even if "the *subject matter* of the bribe must be valued at $5,000 or more," *United States v. Robinson*, 663 F.3d 265, 271 (7th Cir. 2011), Vo would still lose. At trial, he claimed that he had charged $15,000 to modify a similar Conditional Use Permit (CUP) in the past, providing credible evidence indicating that the value of the "business" or "transaction" was above the statutory minimum as well.

**AFFIRMED.**

***United States v. Vo,*** **Case No. 18-50041**
**Rawlinson, Circuit Judge, concurring in the result:**

I agree with the majority that the conviction in this case should be affirmed.

However, I do not agree that the district court committed error during the trial.

**1.** The admission of statements made by the confidential informant did not violate the Confrontation Clause because the statements were offered for purposes other than establishing the truth. Rather they were offered "to set the context of the response that that person receives in the conversation" and "for the effect those statements had on the other person." The district court gave a limiting instruction to that effect. *See United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017) ("*Crawford* applies only to testimonial *hearsay*, and does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.") (citation and internal quotation marks omitted) (emphasis in the original).

**2.** Because the statements of the informant were non-hearsay, the district court acted within its discretion in precluding impeachment of the informant. *See United States v. Becerra*, 992 F.2d 960, 965 (9th Cir. 1993), *as amended* ("Federal

1

Rule of Evidence 806 permits attacks on the credibility of the declarant of a *hearsay* statement . . .").

I would affirm the district court judgment in its entirety. Therefore, I concur only in the result.